SAPELA et al., Plaintiffs

v.

MAGEO et al., Defendants

No. 6-1906

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Autapini" in Pago Pago]

Date unknown

[Judges unknown]

## OPINION

The plaintiff claims a tract of land containing six acres, situated in the division of Pago Pago known as Autapini, under the name or title of "FAUSAGA".

The defendant contests this claim on the ground that the property is the seat of the Mageo family, one of the oldest families in Pago Pago, and denies that the section of land known as "FAUSAGA" extends to all the limits as described by the claimant, but is confined to a subdivision on the sea-beach.

It is admitted by the Plaintiff that the land was the property of the Mageo family, and that one Ivi bequeathed it to Ema, the plaintiff's mother, for the benefit of herself and her children. Ema was an adopted daughter of Ivi, who had gone to Manua and married her mother. Mageo Vee-

144

valu contended that there had never been at any time any alienation of the family lands, notwithstanding the adoption by Ivi of Ema, who was a stranger in Tutuila. A great deal of unnecessary testimony was given by both parties as to genealogies, and, in fact, the greater part of the trial was taken up in futile attempts to explain the true lineal descent of parties to the trial.

In a former suit between the parties, *Sapela v. Armstrong and Mageo*, 1 A.S.R. 124 (1905), concerning a section of the land in controversy it was decided that:—

"It behooves the Court to conclude that the Plaintiff, Sapela, and those claiming with her, have an interest in the land in dispute, and that Mageo disregarded that interest when transferring the land to the defendant. The Court, however, is not prepared to define the extent of that interest. It seems that if the parties cannot agree amongst themselves, it will be necessary for further action to be taken, and the Court to receive more evidence as to the interest involved in the greater estate claimed by Sapela, and then make the necessary disposition of the property."

"A point which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a domestic court of competent jurisdiction, cannot be drawn in question in any future action between the same parties or their privies, whether the causes of action in the two suits be identical or different." (Black on Judgments, 504, Vol. 2, and citations therein.)

The land then in dispute comprised only a small section of the land now claimed by the plaintiffs, who had not, at that time, definitely asserted their right to the whole of the property now in dispute, and whilst that decision carries with it a certain presumption that the Plaintiffs do retain an interest in the property now claimed, it cannot be allowed under that finding that the interest extends to the whole of the land now in dispute.

As in that action there was not afforded a full legal opportunity for an investigation and determination of the

merits of the claim of the plaintiff, it has been necessary for the Court to receive further evidence as to the alleged transactions which form the basis of the present claim.

The Court, in the former suit, was unable, owing to the uncertainty of the evidence produced, to definitively settle the first question in relation to the section then before the Court, and in the present proceeding the plaintiffs have brought forward no further reliable testimony to support their title. So the Court again is confronted with the same difficulty.

■ The whole burden of proving conclusively that the property was vested absolutely in Ema and her children rests entirely on the plaintiffs, and, unless there is a sufficiency of evidence adduced to sustain their contention, they cannot obtain judgment. It is necessary for the Court to scrutinize most carefully claims of this nature, especially when the heirs of the testator are likely to be ousted from their inheritance by such claims being supported.

■ There must be something more than a mere assertion of a bequest by one witness. When the immediate members of a dying man's family are not called in to hear the final disposition of a testator's property there is always ground for strong suspicion against the party asserting a right under a bequest made secretly, unless good reason can be shown for thus making a secret disposition, instead of —as in the true Samoan custom—declaring the last wishes openly before the members of the family then assembled. The whole claim of the plaintiffs hangs on the evidence of one Pulu, and the fact that the parents of the plaintiff are buried on a portion of the property.

■ Pulu is a witness unworthy of credit. It appears also that in the year 1903, some differences occurred in the Mageo family, and that Pulu, Fanene, Sapela and Tuinei, conspired to expel Mageo from the land.

146

Prior to this, none of the Plaintiffs had ever laid claim to the land. Opportunities have been afforded to them to lay claim, and, upon resistance being shown, to have the dispute referred to a judicial authority for settlement. In answer to the enquiry why no overt act had been committed by them, they rely on the usual subtle reply of "Faasaua", or aggressiveness on the part of the defendant. A bare reply such as this is not sufficient to excuse a party from openly asserting a claim rightly made. The claim should have been made in a manner suitable to the times, and then, if there had been aggressive conduct on the part of the defendant, it would be of good weight to the plaintiff. It is stated that a brother of one of the plaintiffs, Sapela, was living on the land and removed from it at the instigation of Mageo Veevalu. But whether Fuga, the brother, left reluctantly and under protest, or willingly, is uncertain.

This was about twenty years ago, and since that time the Mageo family has continuously occupied the land and asserted ownership against all people.

There is no sufficient evidence to support the claim of the plaintiffs that the property was vested in them by Ivi, as against the true heirs of Mageo, who, if he had chosen, could have so disposed of the land. But the witnesses do not sustain that bequest.

Ema was adopted into the Mageo family by Ivi, and thereupon became a member of the Mageo family, and entitled to an interest in the community property of that family. Her descendants, so long as they chose to remain members of the Mageo family, hold a similar interest, which would enable them to have a domicile on the property, and to cultivate and reap the produce of a portion of the property. This is all the interest which the present plaintiffs can claim and have awarded to them.